UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Armando Vasquez Reyes,<br><br>　　　　Plaintiff<br><br>v.<br><br>NDOC, et al.,<br><br>　　　　Defendants | Case No.: 2:24-cv-01355-JAD-MDC<br><br>**Order Screening Complaint and Denying Motion for Appointment of Counsel**<br><br>[ECF No. 3] |

　　　Plaintiff Armando Reyes brings this action under 42 U.S.C. § 1983, claiming that his civil rights were violated while he was incarcerated at Nevada's High Desert State Prison.[1] He applies to proceed *in forma pauperis* and moves the court to appoint him a free attorney.[2] Having screened Reyes's complaint under 28 U.S.C. § 1915A, I find that he states a colorable Eighth Amendment safety-indifference claim, so that claim may proceed. But Reyes's remaining claims are dismissed without prejudice and with leave to amend only the medical-indifference claim by February 28, 2025. And because he has not shown exceptional circumstances warranting the appointment of counsel, his motion for that relief is denied without prejudice.

---

[1] ECF No. 1-1.
[2] ECF Nos. 1, 8, 3.

**Background**

**A.      Reyes's factual allegations**[3]

On October 12, 2022, Reyes was repeatedly hit by his cellmate Eddy Garcia-Torres while he was urinating in their cell's toilet. Both inmates were housed in protective custody. Reyes repeatedly pressed the intercom button, but prison staff didn't answer. Reyes then banged on his cell door and screamed for help. Reyes feared for his life and asked Garcia-Torres to stop, but he refused.

About 20 or 30 minutes later, corrections officer A. Alvarez responded saying that he heard screaming and banging while he was in the Unit C-D office. Reyes was covered in blood. Alvarez required Reyes to remain in the cell until more help came. According to Alvarez, Garcia-Torres claimed that he was serving Reyes with "justice" by beating him. Alvarez told Reyes it would have been cheaper for him to die than go to medical.

Reyes was transported to the medical department but was left in a holding cell for hours even though he had difficulty breathing. Reyes didn't see a doctor because, according to one of the nurses, HDSP did not have one at the facility. Reyes might have sustained broken ribs. Medical staff proscribed him 200 milligrams of ibuprofen for his injuries.

When Reyes saw the caseworker to file a grievance about the issue, no interpreter was present to help him. The caseworker said that Reyes filed the grievance wrong, but he understood only a little of what was said because he speaks Spanish and isn't fluent in English.

---

[3] This is merely a summary of the allegations in the complaint, ECF No. 1-1 at 2–5, and should not be construed as findings of fact. Anthony Duque helped prepare the complaint. *Id.* at 6.

### B. Reyes's causes of action

Based on these factual allegations, Reyes sues NDOC, High Desert State Prison (HDSP), Medical Staff, A. Alvarez, John Doe Wardens, and Nurse M. Manalastas.[4] I liberally construe the complaint as asserting claims based on three theories of liability: (1) Eighth Amendment indifference to safety needs, (2) Eighth Amendment indifference to medical needs, and (3) First and Fourteenth Amendment right to access the courts. Reyes seeks monetary and injunctive relief.[5]

## Discussion

### A. Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[6] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[7] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[8]

---

[4] *Id.* at 1–2.
[5] *Id.* at 6.
[6] *See* 28 U.S.C. § 1915A(a).
[7] *See id.* at § 1915A(b)(1)(2).
[8] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[9] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[10] Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers,[11] but a plaintiff must provide more than mere labels and conclusions.[12] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[13] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]

## B.    Analysis of claims

### 1.    *Reyes states a colorable Eighth Amendment safety-indifference claim.*

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."[15] To establish a violation of this duty, the plaintiff must show that prison officials were deliberately indifferent to serious threats to the inmate's safety.[16] To meet this standard, the plaintiff must show that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be

---

[9] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[10] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[11] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[14] *Id.*

[15] *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

[16] *Farmer. v. Brennan*, 511 U.S. 825, 834 (1970).

drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."[17] The plaintiff can rely on circumstantial evidence to show the prison official knew about the risk.[18]

Reyes arguably states a colorable safety-indifference claim. Reyes alleges that corrections officer A. Alvarez admitted that he heard Reyes banging on his cell door and screaming for help but did not leave the guard office to investigate until 20 to 30 minutes later. It can be reasonably inferred that Alvarez was aware that Reyes was housed in protective custody. After the incident, Alvarez told Reyes that it would be cheaper for him to die than go to medical. But there are no factual allegations suggesting that any other prison staff or official like John Doe Wardens knew that Reyes's cellmate posed a threat to Reyes's safety or that Alvarez was not timely responding to Reyes's calls for help. Reyes's Eighth Amendment safety-indifference claim may therefore proceed against A. Alvarez only.

### 2. *Reyes fails to state a colorable Eighth Amendment medical-indifference claim.*

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"[19] A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[20] To plead an Eighth Amendment medical-deliberate-indifference violation, "a plaintiff must satisfy both an objective standard—

---

[17] *Id.* at 837.
[18] *Id.* at 842.
[19] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).
[20] *Farmer*, 511 U.S. at 828.

that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[21]

For the objective prong, "the plaintiff must show a serious medical need by demonstrating that [the] failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[22] To satisfy the subjective deliberate-indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[23] "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[24] When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury.[25]

Reyes fails to state a colorable medical-indifference claim. He appears to contend that his ribs were broken when his cellmate attacked him and all he received from medical staff was an examination by a nurse and ibuprofen for his injuries. But Reyes attaches medical records to his complaint that purport to show that an unassociated corrections officer translated for him during the medical examination in which he received wound care, saw a physician and a nurse, was prescribed ibuprofen and acetaminophen, and received skull and chest X-rays that were negative for fractures or issues with his heart or lungs. And there are no factual allegations that

---

[21] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014).

[22] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (cleaned up).

[23] *Id.*

[24] *Id.* (cleaned up).

[25] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

6

the medical records Reyes provides are fake, false, or mistaken.[26]  Reyes's Eighth Amendment medical-indifference claim is therefore dismissed without prejudice, and out of an abundance of caution, Reyes is granted leave to amend this claim.

> **3.    *Reyes fails to state a First and Fourteenth Amendment access-to-courts claim.***

Prisoners have a constitutional right of access to the courts under the First and Fourteenth Amendments.[27]  To establish a violation of this right of access to the courts, a prisoner must establish that he has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived.[28]  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[29]  Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests."[30]  And the right of access to the courts is limited to nonfrivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions.[31]

To properly plead the actual-injury element of an access-to-courts claim, the plaintiff must identify the underlying cause of action "in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued," and describe the official acts frustrating or impeding that litigation.[32]  And for a backward-looking claim—one that seeks a remedy for a

---

[26] *See* ECF No. 1-1 at 8–11.
[27] *See Lewis v. Casey*, 518 U.S. 343, 346 (1996).
[28] *Id*. at 349.
[29] *Id*. at 348.
[30] *Id*. at 362.
[31] *Id*. at 353 n.3, 354–55.
[32] *Christopher v. Harbury*, 536 U.S. 403, 415–17 (2002).

7

lost opportunity to present a legal claim—"the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought."[33]

Reyes fails to state a colorable access-to-courts claim because he hasn't alleged facts showing an actual injury. He alleges that he speaks Spanish and very little English. Reyes couldn't complete the prison grievance process about the incident with Alvarez because his grievance was rejected on procedural grounds and the caseworker did not provide him a translator to explain what was wrong. Allegations about misconduct or deficiencies in the grievance process alone do not constitute an actual injury under the law.[34] An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[35] But Reyes does not identify any claim that he is being prevented from bringing to court, or that he can no longer bring to court, or has been dismissed because of prison staff's alleged misconduct in the grievance process.[36] And Reyes cannot currently cure this defect by pleading additional facts because the claims he brings in this lawsuit are the issues raised in his allegedly mishandled grievance. The First and Fourteenth Amendment access-to-courts claim is therefore dismissed without prejudice and without leave to amend.

---

[33] *Id.* at 415.

[34] Reyes's allegations also fail to state a colorable due-process claim because "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

[35] *Lewis*, 518 U.S. at 348.

[36] *See Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011) (recognizing that dismissal of an action due to prison staff's active interference with litigation is an actual injury), *overruled on other grounds as recognized by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

### 4. *Reyes names defendants who cannot be sued in this action.*

Defendants NDOC, High Desert State Prison, and Medical Staff are dismissed with prejudice because leave to amend would be futile. The statute that allows inmates like Reyes to bring civil-rights actions like this one—42 U.S.C. § 1983—authorizes suits against a "person" acting under the color of state law. But neither the State of Nevada nor its arms like the NDOC are "persons" for § 1983's purposes, and they are immune from suit in federal court under the Eleventh Amendment.[37] HDSP is merely a building, not a person or entity that can sue or be sued. And Medical Staff is a collection of people, not an individual who personally participated in the alleged violations.[38]

### C. Reyes has until February 28, 2025, to file an amended complaint if he can cure the deficiencies in his medical-indifference claim.

Because it appears that Reyes could cure the deficiencies of his Eighth Amendment medical-indifference claim, I grant him leave to file a first amended complaint to attempt to replead that claim. This means that Reyes has leave to plead true facts to cure the claim's defects identified above. Reyes does not have leave to add new claims.

---

[37] *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for § 1983's purposes); *Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 365 (1990) (reiterating that "[t]he State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court"); *accord* Nev. Rev. Stat. § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity).

[38] *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (explaining that a defendant is liable under § 1983 only upon a showing of personal participation by the defendant).

If Reyes chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so it must be complete without reference to other filings.[39] This means that Reyes's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit, including the safety-indifference claim that I allowed to proceed in this order. Reyes must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be titled "First Amended Complaint." He must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights. **And he must file the amended complaint by February 28, 2025.**

### D.     Motion for appointment of counsel

Like many pro se plaintiffs, Reyes asks the court to find and appoint him a free attorney, arguing he is indigent and cannot afford an attorney, an attorney will be better equipped to litigate his claims, it is difficult to litigate from prison, and he has "very limited fluency in English."[40] A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights actions.[41] The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), says that "[t]he court may request an attorney to represent any person unable to afford counsel." But the court will appoint counsel for indigent civil litigants only in

---

[39] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

[40] ECF No. 3.

[41] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

"exceptional circumstances."[42]  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"[43]  "Neither of these considerations is dispositive and instead must be viewed together."[44]

Reyes has not shown exceptional circumstances warranting the appointment of counsel.  Most of the issues Reyes raises are commonly experienced by inmates prosecuting claims and do not constitute exceptional circumstances.  Reyes claims to struggle with the English language.  But the matters at issue in this action are not particularly complex and Reyes, with the help of another inmate, has demonstrated an ability to articulate a colorable claim for relief under one theory of liability and the basis of his other dispute on a pro se basis.  But I cannot conclude on this record that Reyes is likely to prevail on the merits of any claim.  The motion for the appointment of counsel is therefore denied without prejudice.

**Conclusion**

IT IS THEREFORE ORDERED that the motion to appoint counsel **[ECF No. 3] is DENIED**, and a decision on the application to proceed *in forma pauperis* (ECF Nos. 1, 8) is DEFERRED.

IT IS FURTHER ORDERED that:

- The Eighth Amendment safety-indifference claim MAY PROCEED against A. Alvarez;

---

[42] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).
[43] *Id.* (cleaned up).
[44] *Id.*

- The Eighth Amendment medical-indifference claim is DISMISSED with leave to amend by February 28, 2025; and
- The First and Fourteenth Amendment access-to-courts claim is DISMISSED without prejudice and without leave to amend.

IT IS FURTHER ORDERED that NDOC, High Desert State Prison, and Medical Staff are DISMISSED with prejudice from this action, and John Doe Wardens and Nurse M. Manalastas are DISMISSED without prejudice.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to FILE** the complaint (ECF No. 1-1) **and SEND** plaintiff the approved form for filing a § 1983 prisoner complaint with instructions and a courtesy copy of his complaint (ECF No. 1-1). If plaintiff chooses to file an amended complaint, he must use the approved form and title it "First Amended Complaint." The amended complaint will be screened in a separate screening order, and **the screening process will take <u>many months</u>. If plaintiff does not file an amended complaint by February 28, 2025, this action will proceed immediately on the Eighth Amendment safety-indifference claim against A. Alvarez only.**

Dated: January 28, 2025

_____
U.S. District Judge